UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-21352

JUAN FLORES,

      Plaintiff,

v.

I.C. SYSTEM, INC.,
JANE or JOHN DOE

      Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, I.C. System, Inc., and files this Answer and Affirmative

Defenses to the Plaintiff's Complaint and states:

1. Admitted that Plaintiff brings suit under the FRCA, FDCPA and FCCPA, but denied that he is entitled to relief thereunder.

2. Denied.

3. Admitted for jurisdictional purposes only; otherwise denied.

4. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and therefore, denied.

5. Denied.

6. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and therefore, denied.

7. Admitted.

1

8.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and therefore, denied.

9.     Denied.

10.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and therefore, denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and therefore, denied.

15.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and therefore, denied.

16.     Denied.

17.     Denied.

18.     Admitted.

### **COUNT I**

19.     Defendant re-alleges and re-incorporates paragraphs 1 through 18 as if fully restated herein.

20.     Denied.

21.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and therefore, denied.

22.     Denied.

23.     Denied.

24.     Admitted that the FCRA states what it states, as to all other allegations contained herein, denied.

25.     Admitted that the FCRA states what it states, as to all other allegations contained herein, denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied (a through b inclusive).

## COUNT II

31.     Defendant re-alleges and re-incorporates paragraphs 1 through 18 as if fully restated herein.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

## COUNT III

40.     Defendant re-alleges and re-incorporates paragraphs 1 through 18 as if fully restated herein.

41.     Denied.

42.     Denied.

43.     Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim(s) may be barred in whole or in part by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that any violation of federal or state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

## <u>FIFTH AFFIRMATIVE DEFENSE</u>

Defendant asserts, without admitting any liability whatsoever, that Plaintiff's claims for emotional distress damages are barred by the impact rule, as Plaintiff has failed to allege physical impact or injury.

## <u>SIXTH AFFIRMATIVE DEFENSE</u>

Defendant asserts, without admitting any liability whatsoever, that Plaintiff's state law claims are preempted, in whole or in party, by the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681, *et seq.*

## <u>SEVENTH AFFIRMATIVE DEFENSE</u>

Defendant asserts, without admitting any liability whatsoever, that Plaintiff's sole remedy for claims relating to the credit reporting issues would be under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681, *et seq*

WHEREFORE, Defendant respectfully requests an Order dismissing the case and awarding it attorneys' fees and costs.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via email and U.S. Mail to Juan Flores, Pro Se, 17010 SW 36 Ct, Miramar, FL 33027 on this 14th day of May 2013.

GOLDEN SCAZ GAGAIN, PLLC
201 North Armenia Avenue
Tampa, Florida 33609
Telephone: (813) 251-5500
Facsimile: (813) 251-3675
E-mail: dgolden@gsgfirm.com
E-mail: cmchale@gsgfirm.com

By: /s/ Charles J. McHale
Dale T. Golden, Esquire
Florida Bar No.: 094080
Charles J. McHale, Esquire
Florida Bar No.: 0026555
***Attorneys for Defendant***