UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21352-CIV-ALTONAGA/SIMONTON

JUAN FLORES,

    Plaintiff,

v.

I C SYSTEM, INC., *et al.*,

    Defendants.
_____/

## GENERAL ORDER ON DISCOVERY OBJECTIONS AND PROCEDURES

This matter is before the Court *sua sponte.* The Honorable Cecilia M. Altonaga, United States District Judge, has referred all discovery matters to the undersigned Magistrate Judge (DE # 13). In order to efficiently resolve discovery disputes, the parties are hereby notified that the following rules apply to discovery objections before this Court. In addition, the procedures for discovery hearings have been attached as Attachment "A" to this Order and are hereby incorporated herein.

    1. **Vague, Overly Broad, and Unduly Burdensome**

The parties shall not make nonspecific, boilerplate objections. Such objections do not comply with Local Rule 26.1(g)(3)(A), which provides, "Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds." Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless, and will be found meritless by this Court. A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an

interrogatory.  On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" [citation omitted]).  If a party believes that the request is vague, that party shall attempt to obtain clarification prior to objecting on this ground.

### 2. Objections Based Upon Scope

If there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope that is not disputed.  For example, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

### 3. Irrelevant and Not Reasonably Calculated to Lead to Admissible  Evidence

An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence.  The parties are reminded that the Federal Rules allow for broad discovery that does not need to be admissible at trial.  *See* Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351-52 (1978); *see also* S.D. Fla. L.R. 26.1(g)(3)(A).

### 4. Formulaic Objections Followed by an Answer

The parties shall not recite a formulaic objection followed by an answer to the request.  It has become common practice for a Party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the Party will respond to the discovery request, subject to or without waiving such objection.  Such an objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court.  Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the

question has been answered.  See Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18; see also S.D. Fla. L.R. 26.1(g)(3)(A).

5. <u>Objections Based upon Privilege</u>

Generalized objections asserting attorney-client privilege or work product doctrine also do not comply with the local rules.  Local Rule 26.1(g)(3)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other.  The parties are instructed to review Local Rule 26.1(g)(3)(B) carefully and to refrain from objections such as: "Objection.  This information is protected by attorney/client and/or work product privilege."  If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived.

**DONE AND ORDERED** in chambers in Miami, Florida, on August 22, 2013.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**

The Honorable Cecilia M. Altonaga,
	United States District Judge
All counsel of record

ATTACHMENT "A"

DISCOVERY PROCEDURES FOR
MAGISTRATE JUDGE ANDREA M. SIMONTON

The discovery procedures below apply to this case.

A. **Pre-hearing Communication**. If a discovery dispute arises, Counsel must actually speak to one another (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking Court intervention. The Court expects all Parties to act courteously and professionally in the resolution of their discovery disputes in an attempt to resolve the discovery issue prior to setting a hearing. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.

B. **Hearing Procedures**. If, after conferring, parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge Andrea M. Simonton will set the matter for a hearing. Discovery disputes are generally set for hearing (10 minutes per side) on Wednesdays and Fridays between 10:30 a.m. and 12:00 p.m. in the 8th Floor Courtroom, United States Courthouse, 301 N. Miami Avenue, Miami, Florida.

The moving party must seek relief by contacting Magistrate Judge Simonton's Chambers (305-523-5930) and placing the matter on the next available discovery calendar. The movant must contact chambers no later than three (3) business days before the discovery calendar, after conferring with opposing counsel and confirming his or her availability.

On the same day the matter is placed on the discovery calendar, the movant shall file a Notice of Hearing which shall briefly specify the substance of the discovery matter to be heard. (For example, "The Parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 5, 6-9," or "The Parties dispute the number of depositions permitted.") The Notice shall include a certification that the parties have complied with the pre-filing conference required by S.D. Fla. L.R. 7.1(a)(3). A Notice of Hearing must be filed within thirty (30) days of the date of the occurrence of the grounds for the dispute, in accordance with the requirements of S.D. Fla. L.R. 26.1(h)(1).

The movant shall provide Magistrate Judge Simonton a copy of all source materials relevant to the discovery dispute, via hand-delivery or through a scanned PDF document that is emailed to the CM/ECF mailbox (simonton@flsd.uscourts.gov), when the Notice of Hearing is filed. (For example, if the dispute concerns interrogatories, the interrogatories at issue and the response thereto shall be provided to Magistrate Judge Simonton's Chambers.)

C. **No Written Motions**. No written discovery motions, including motions to compel and motions for protective order, shall be filed unless requested by Magistrate Judge Simonton. It is the intent of this procedure to minimize the necessity of motions. The Parties shall notify Chambers as soon as practicable if they resolve some, or all, of the issues in dispute.