UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-21352

JUAN FLORES,

    Plaintiff,

v.

I.C. SYSTEM, INC.,
JANE or JOHN DOE

    Defendants.
_____/

## DECLARATION OF SUSAN JOHNSON ON BEHALF OF I.C. SYSTEM, INC.

On this day, September 10, 2013, I, Susan Johnson, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. §1746, that the following statements are true and correct.

1. My name is Susan Johnson and I make this Affidavit based upon my own personal knowledge.

2. I am an employee of Defendant I.C. System, Inc. ("ICS") since 1979 and I am authorized to make this declaration on its behalf.

3. I am currently ICS's Chief Compliance Officer and Director of Legal Affairs and am authorized and qualified to testify as the Custodian of Records. The matters stated below are based on my own personal knowledge, as well as my review of ICS's business records and if called upon I could and would competently testify thereto.

4. ICS's primary business purpose is the collection of debts.

5. Based upon my review of the records maintained by ICS, the matters stated below are based on my own personal knowledge and review of ICS's business records and if called

upon I could and would competently testify thereto. The account notes are generated in the regular course of ICS business and it is the regular course of ICS business to make such records within a reasonable time of the transaction or occurrence indicated in the notes.

6. On or around June 17, 2011, Capital One N.A. referred Plaintiff's account to ICS for collection.

7. The Plaintiff's debt was originally incurred with HSBC Bank, N.A. In 2012, HSBC sold all of its North American related credit card accounts to Capital One Bank, N.A.

8. Plaintiff's account referenced above was an unpaid credit card account.

9. ICS had a reasonable basis to believe that the debt belonged to the named Plaintiff.

10. Capital One N.A. provided ICS with Plaintiff's account number, Plaintiff's name, Plaintiff's social security number, address and telephone number, and information indicating that the Plaintiff's credit card account was delinquent.

11. On June 18, 2011, ICS sent to a correspondence to Plaintiff regarding his HSBC Bank, N.A. delinquent credit card. *See* Exhibit 1.

12. Such letter was addressed to the named Plaintiff in the instant action and was sent to the same address that Plaintiff lists on his Complaint and through his filings made in this case.

13. Plaintiff never disputed that he owed the debt with ICS.

14. The debt at issue arose from a credit transaction involving a credit card transaction, and as such, ICS had a permissible purpose for accessing Plaintiff's credit report in connection with its collection efforts.

15. On or about June 17, 2011 ICS pulled Plaintiff's credit report for the purposes of collecting on the Plaintiff's account which was referred to ICS for collection by the creditor, Capital One N.A.

16. Plaintiff's credit report was obtained by ICS subsequent to receiving Plaintiff's account for collection from Capital One N.A.

17. ICS accessed Plaintiff's credit report in conjunction with collection efforts to ensure that ICS was attempting to contact the correct debtor at his current address, and that ICS was calling the debtor's correct and current telephone numbers.

18. ICS did not access Plaintiff's credit report impermissibly or with any hostile motive.

Executed on this 10th day of September, 2013, in Ramsey County, Minnesota.

*Susan Johnson*
Susan Johnson