UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21352-CIV-ALTONAGA/Simonton

JUAN FLORES,

    Plaintiff,

vs.

I. C. SYSTEM, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant's Motion to Dismiss with Prejudice and to Impose Other Sanctions for Fraud, Fabrication of Evidence and/or Bad Faith . . . ("Motion") [ECF No. 48], filed on March 11, 2014. Under the Court's June 12, 2013 Scheduling Order, the deadline for filing all dispositive pre-trial motions was January 28, 2014. Defendant has not sought an extension of time to file the Motion, and Defendant does not attempt to address good cause for its untimely submission. *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Consequently, the Court does not reach the merits of the Motion. *See Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997) ("The Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely. Plaintiff's motion is clearly untimely, and does not even attempt to demonstrate there is some 'good cause' why the court should modify the scheduling order. Therefore, the court need not address the merits of the motion. 'The scheduling order is not a frivolous piece of paper, idly entered, which can be

Case No. 13-21352-CIV-ALTONAGA/Simonton

cavalierly disregarded by counsel without peril.'" (quoting *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987))).  Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 48]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of March, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record; Juan Flores, *pro se*