UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-21352

JUAN FLORES,

    Plaintiff,

v.

I.C. SYSTEM, INC.,
JANE or JOHN DOE

    Defendants.

_____/

**MOTION TO EXTEND THE DISPOSITIVE MOTION DEADLINE
AND MEMORANDUM OF LAW**

Comes Now, Defendant, ("ICS"), by and through the undersigned counsel, and files this Motion for Extension of the Court's Dispositive Motion Deadline and Memorandum of Law and states as follows:

On March 11, 2014, ICS filed a Motion to Dismiss with Prejudice and to Impose other Sanctions for Fraud, Fabrication of Evidence, and/or Bad Faith (DE 48). This Court noted that the dispositive motion deadline was January 28, 2014. Further, this Court denied Defendant's motion as Defendant had not sought an extension of time to file the Motion and did not attempt to address good cause for its untimely submission.

Modification of the Court's Scheduling Order is governed pursuant to Federal Rule of Civil Procedure 16(b)(4) . The Rule states the court's scheduling order "may be modified only for good cause and with the judge's consent." (Fed.R.Civ.P. 16(b)(4)). Good cause requires a showing that "the schedule cannot 'be met despite the diligence of the party seeking the extension.' " *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir.1998) (quoting Fed.R.Civ.P. Advisory Committee's Note). Mere "carelessness is not compatible with a finding

of diligence and offers no reason for a grant of relief' " *Will-burn Recording & Pub. Co. v. Universal Music Group Records,* 2009 U.S. Dist. 35562 at *2 (S.D.Ala., Apr. 27, 2009) (slip op.) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)).  In other words, the moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline. *See S. Grouts & Mortars, Inc. v. 3M Co.,* 575 F.3d 1235, 1241–42 n. 3 (11th Cir.2009).

In the instant case, Defendant seeks an extension of the dispositive motion deadline for good cause.  The substance of Defendant's Motion to Dismiss with Prejudice and to Impose other Sanctions for Fraud, Fabrication of Evidence, and/or Bad Faith is premised upon information obtained after the dispositive motion deadline had passed and is based upon misrepresentations made by Plaintiff in his Response (DE 40) to Defendant's Motion for Summary Judgment.  As way of background information, on January 28, 2014, Defendant filed its Motion for Summary Judgment (DE 33).  Plaintiff's Response to Defendant Motion was due on or around February 15, 2014.  Plaintiff thereafter moved for an extension of time to file his Response until March 3, 2014.  The Court held a hearing on Plaintiff's Motion and set Plaintiff's responsive deadline for February 22, 2014.  Plaintiff thereafter filed his Response to Defendant's Motion for Summary Judgment on February 22, 2014.

Defendant's Motion to Dismiss with Prejudice and to Impose other Sanctions for Fraud, Fabrication of Evidence, and/or Bad Faith is based on Plaintiff's misrepresentations in his Response (DE 40) that Defendant did not have the correct information relative to Plaintiff and that the social security number that Defendant had to identify Plaintiff and the telephone number that was provided by the original credit to Defendant were not correct.  However, the social

security number that Defendant was provided matches the social security number that Plaintiff has filed on his three Chapter 13 Bankruptcy filings and the telephone number that Defendant was provided matches the telephone number that Plaintiff has provided in Chapter 13 Bankruptcy filings and on all pleadings and filings filed in the instant case.

Defendant would purport that good cause exits and there has been no undue delay on Defendant's part as the information that is the substance of Defendant's Motion to Dismiss with Prejudice and to Impose other Sanctions for Fraud, Fabrication of Evidence, and/or Bad Faith was not obtained until after the dispositive motion deadline had passed as the information that is the subject of Defendant's motion was ascertained from Plaintiff's Response to Defendant's Motion for Summary Judgment.

Wherefore, Defendant respectfully requests an Order from this Court granting its Motion to Extend the Dispositive Motion Deadline to allow Defendant to file its Motion to Dismiss with Prejudice and to Impose other Sanctions for Fraud, Fabrication of Evidence, and/or Bad Faith.

### Certificate of Good Faith

**Pursuant to Local Rule 7.1(a)(3)**, counsel has attempted in good faith to resolve this issue prior to filing the instant Motion; *Pro-se* Plaintiff has objected to relief sought herein.

/s/ Charles J. McHale
Charles J. McHale, Esquire
FBN: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, FL 33609
Phone: 813-251-5500
Fax: 813-251-3675
Email: cmchale@gsgfirm.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 12, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day via Fist Class U.S. Mail on Plaintiff, U.S. Mail to Juan Flores, *Pro Se*, 17010 SW 36 Ct, Miramar, FL 33027.

/s/ Charles J. McHale
Charles J. McHale, Esquire
FBN:  0026555