UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21352-CIV-ALTONAGA/O'Sullivan

**JUAN FLORES**,

    Plaintiff,

vs.

**I. C. SYSTEM, INC**.,

    Defendant.

_____/

### ORDER

**THIS CAUSE** came before the Court on Defendant, I.C. System, Inc.'s ("ICS['s]") Motion for Summary Judgment and Supporting Memorandum of Law [ECF No. 33], filed on January 28, 2014.[1] The undersigned has carefully considered the parties' written submissions, the record, and applicable law.

### I. BACKGROUND

This action involves alleged violations of federal and state credit reporting laws when the Defendant debt collector, ICS, accessed Plaintiff, Juan Flores's ("Flores['s]") consumer credit report without his consent. (*See* Compl. ¶¶ 10–11; Mot. ¶ 13; Resp. ¶ 13). ICS is in the business of debt collection. (*See* Labs Decl. ¶ 4). Flores originally incurred a credit card debt with HSBC Bank, N.A. ("HSBC"). (*See id.* ¶¶ 6–7).

On June 17, 2011, HSBC referred Flores's unpaid credit card account to ICS for

---

[1] On February 24, 2014, Plaintiff responded to the Motion ("Response") [ECF No. 40], and on March 11, 2014, ICS replied ("Reply") [ECF No. 47].

Case No. 13-21352-CIV-ALTONAGA/O'Sullivan

collection purposes.[2] (*See id.* ¶ 6). HSBC provided ICS with the following: account number; information indicating a credit card account was delinquent; the account holder's identifying information, including his name, Juan Flores; Social Security number ending in 9527; address (17010 S.W. 36 Court, Miramar, Florida, 33027); and telephone number without area code (477-0308). (*See id.* ¶ 11). Later that day, ICS obtained Flores's credit report from a credit reporting agency for the purpose of collecting the delinquent account. (*See id.* ¶¶ 17–18). On June 18, 2011, ICS sent Flores a letter at the address on file regarding his delinquent credit card account with HSBC. (*See id.* ¶¶ 12–13). The letter was not returned as undelivered (*see id.* ¶ 14), and Flores did not dispute the debt with ICS (*see id.* ¶ 15).

Flores brought suit claiming violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681b (Count I), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. sections 1692e–1692f (Count II), and the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statute section 559 (Part VI) (Count III), alleging ICS obtained Plaintiff's consumer credit report without a permissible purpose. (*See* Compl. ¶¶ 1–2, 11, 16). ICS now moves for summary judgment asserting it had a permissible purpose to access Flores's credit report.

## II.  LEGAL STANDARD

Summary judgment shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c).

---

[2] In 2012, HSBC sold its North American credit card accounts to Capital One, N.A. ("Capital One"). (*See* Carol Labs Decl. ¶ 7 [ECF No. 47-1]). Thereafter, Capital One continued HSBC's referral of Flores's account to ICS for collection. (*See id.* ¶ 8).

Case No. 13-21352-CIV-ALTONAGA/O'Sullivan

The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (alterations and internal quotation marks omitted) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotation marks omitted)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

After the movant has met its initial burden, the burden of production shifts to the nonmoving party, *see Celotex Corp.*, 477 U.S. at 330–32, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting *Anderson*, 477 U.S. at 252). "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City*

Case No. 13-21352-CIV-ALTONAGA/O'Sullivan

*of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)) (internal quotation marks omitted).

### III. ANALYSIS

As a preliminary matter, the Court discusses the admissibility of ICS's evidence. In support of the Motion, ICS first submitted a Declaration of Susan Johnson ("Johnson") . . . [ECF No. 33-1], and later filed the Declaration of Carol Labs ("Labs") with its Reply. Johnson is ICS's Chief Compliance Officer and Director of Legal Affairs. (*See* Johnson Decl. ¶¶ 1–3). Labs is ICS's Legal Affairs Administration Supervisor.[3] (*See* Labs Decl. ¶¶ 1–3).

Flores challenges the Declarations as inadmissible hearsay on the basis the ICS employees lack personal knowledge of ICS's records.[4] (*See* Resp. 2–3; *see generally* Pl.'s Mot. Strike [ECF No. 42]). The business records exception under Federal Rule of Evidence 803(6) applies to a declaration by an employee qualified to testify as a custodian of records. (*See* Reply 9–10). A corporate representative's testimony is sufficient to support the trustworthiness of the records at issue and to prove they were prepared in the usual course of business. *See United States v. Parker*, 749 F.2d 628, 633 (11th Cir. 1984) ("That the witness . . . had neither prepared the certificate nor had first-hand knowledge of the preparation does not contravene Rule 803(6)."

---

[3] After Flores pointed out inconsistencies in Johnson's Declaration regarding the referral of Plaintiff's account to ICS (*see* Resp. ¶¶ 13-14; Johnson Decl. ¶ 6), ICS submitted the Labs affidavit attesting to the same set of facts, but clarifying the ambiguities noted in Johnson's affidavit. (*See generally* Labs Decl.). The Court's analysis relies only on Labs's Declaration, which is consistent with Johnson's sworn statements apart from a discrepancy in year (June 17, 2010 versus June 17, 2011), and the name of the bank that initially transferred the debt to ICS (HSBC versus Capital One). (*See* Johnson Decl. ¶ 6; Labs Decl. ¶ 6).

[4] In a February 25, 2014 Order [ECF No. 44], the Court denied Flores's request to strike *Johnson's* Declaration as hearsay, but noted it would consider Flores's objections in resolving the present Motion. While Flores attacks only Johnson's Declaration, the Court's analysis relies on Labs's Declaration. Because the arguments made regarding the Johnson Declaration apply equally to Labs's testimony, to be clear the Court addresses whether *Labs's* declaration is admissible.

Case No. 13-21352-CIV-ALTONAGA/O'Sullivan

(alteration added; citations omitted)). Labs's sworn statements are based on a combination of her personal knowledge and a review of records kept by her employer in the ordinary course of business. Flores has not submitted any evidence to challenge the records' trustworthiness. Accordingly, the Declaration of Labs, an ICS representative qualified as a custodian of records, provides reliable testimony regarding the underlying facts.

Defendant's alleged violations of the FCRA, FDCPA, and FCCPA arise from the same contention — that ICS obtained Plaintiff's credit report without permissible purpose and through false representation or deceptive means. (*See generally* Compl.). The Court addresses Plaintiff's claims in sequence.

### A.  FCRA Violation (Count I)

Flores argues ICS willfully or negligently violated the FCRA. (*See* Compl. ¶ 30; Resp. 5–6). The FCRA dictates when consumer reporting agencies may furnish consumer reports and identifies certain "permissible purposes." *See* 15 U.S.C. § 1681b(a). A credit report may be provided "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . review or collection of an account of[] the consumer." *Id.* § 1681b(a)(3)(A) (alterations added); *see also Pinson v. Monarch Recovery Mgmt., Inc.*, No. 12-80480-CIV, 2013 WL 961308, at *2 (S.D. Fla. Mar. 12, 2013) ("[T]his provision of [the] FCRA permits a debt collector to request a credit report if it uses the report to review an account." (alterations added; citation omitted)); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (affirming the district court's dismissal of plaintiff's FCRA claim because defendant debt collector accessed plaintiff's credit report to collect on debtor's delinquent credit card debt, which is authorized under the statute).

5

Case No. 13-21352-CIV-ALTONAGA/O'Sullivan

In proving a willful violation of the FCRA, a plaintiff must establish: (1) a consumer report, (2) was obtained or used by the defendant, (3) without a permissible statutory purpose, and (4) the defendant acted with the specified culpable mental state. *See Pinson v. United Recovery Sys., LP*, No. 12-80792-Civ, 2013 WL 3717739, at *3 (S.D. Fla. July 15, 2013) (citing *Monarch Recovery Mgmt.*, 2013 WL 961308, at *3); *see also Shepherd-Salgado v. Tyndall Fed. Credit Union*, No. 11-0427-WS-B, 2011 WL 5401993, at *3 (S.D. Ala. Nov. 7, 2011). A violation of the FCRA is willful "if the defendant violates the terms of the Act with knowledge or reckless disregard for the law." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009) (citation omitted).

ICS obtained Flores's credit report for the permissible purpose of collecting on his delinquent HSBC account. (*See generally* Labs Decl.). Flores has not provided any evidence to the contrary. Flores merely states ICS lacked a permissible purpose because he did not consent to ICS accessing his credit report and he has no debt with HSBC, Capital One, or ICS. (*See* Resp. 5–6). While Flores disputes most of ICS's statement of material facts in support of the Motion, he does not cite to the record or provide evidence in support of his assertions. Flores merely submits a personal Affidavit [ECF No. 41] with his Response in an attempt to demonstrate genuine issues of material fact exist. Flores's conclusory and self-serving Affidavit misconstrues the parties' burdens and is insufficient.

In his Affidavit, Flores states he did not receive any correspondence from ICS verifying a debt. (*See* Flores Aff. ¶¶ 1–5, 7–8). Plaintiff further states there is no evidence proving the existence of Plaintiff's HSBC debt or that the debt was referred to ICS for collection. (*See id.*). But ICS is not required to produce the underlying documents that led it to reasonably believe it

6

Case No. 13-21352-CIV-ALTONAGA/O'Sullivan

was collecting a delinquent account; the Labs affidavit attesting to ICS's business records is sufficient. *See Monarch Recovery Mgmt.*, 2013 WL 961308, at *3.

It is Flores who must prove each of the elements of his FCRA claim, and he cannot rely on conclusory statements in an affidavit to do so. *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("[C]onclusory allegations without supporting facts have no probative value." (alteration added; citation omitted)). In the face of ICS's proof that a debt was referred to it for collection, Flores's denial that ICS did so is certainly not based on any personal knowledge he has of what information ICS has in its records furnished to it by a referring bank. As such, Flores's Affidavit does not create a triable issue of material fact. *See Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1382 (11th Cir. 2010); *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007) ("Neither woman claims to have been at the alleged meeting between Jaffray and any Disney representative, and neither claims personal knowledge of what materials Jaffray took with him to any such alleged meeting. . . . [A] court is not required to accept as true testimony that is not based on personal knowledge . . . .").

In arguing an impermissible purpose, Flores not only maintains he has no debt with ICS, he also insists the Social Security and telephone numbers on file with ICS are inaccurate and not his. (*See* Resp. 3, 6; Pl.'s Mot. Strike ¶ 11). As Flores did not initially dispute the debt after ICS sent the June 18, 2011 letter, the debt collector was allowed to proceed under the reasonable assumption the debt was valid. *See* 15 U.S.C. § 1692g(a). Moreover, the identifying information in ICS's file mirrors the information Flores provided in three prior bankruptcy petitions he filed seeking Chapter 13 protection, as well as the contact information Flores

7

Case No. 13-21352-CIV-ALTONAGA/O'Sullivan

provided for this case listed on the Court's electronic case management system ("CM/ECF").[5]

Even assuming ICS was somehow mistaken about the debtor's identity, the undisputed facts show ICS did not violate the FCRA.  "[S]o long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Monarch Recovery Mgmt.*, 2013 WL 961308, at *2 (alteration in original) (quoting *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996)) (explaining defendant had a reasonable basis to believe the debt belonged to plaintiff based on information provided by Citibank, including plaintiff's account number, name, Social Security number, and balance owed on a Sears Gold MasterCard account).  Based on the information provided by HSBC, it was reasonable for ICS to believe it was collecting a debt owed by Flores when it accessed his credit report.  There is no evidence suggesting ICS willfully or negligently violated the FCRA.

### B. FDCPA Violation (Count II)

Count II alleges ICS violated the FDCPA by using false, deceptive, or misleading means to collect on a debt Plaintiff insists is nonexistent.  (*See* Compl. ¶¶ 31–39; Resp. 7–8).  The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" or "to obtain information concerning a consumer."  15 U.S.C. §§ 1692e; 1692e(10).  The Act also prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt[,]" and the collection of any amount is prohibited unless it is "expressly authorized by the agreement creating the debt or permitted by law."  *Id.* §§ 1692f; 1692f(1).  "In order to prevail on an FDCPA claim, a plaintiff

---

[5] Earlier the Court granted ICS's request to judicially notice Plaintiff's bankruptcy petitions filed April 10, 2012, October 22, 2012, and August 20, 2013.  (*See* Feb. 25, 2014 Order [ECF No. 44]).  Flores does not dispute he filed the petitions (*see* Resp. ¶ 7), or their authenticity.

must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011) (citation and internal quotation marks omitted).

Regarding the first element, ICS argues Flores has failed to present any evidence the underlying debt was consumer debt. (*See* Mot. 14). "To recover under the FDCPA, a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt.'" *Balthazor v. Sec. Credit Servs., LLC*, No. 11-60867-CIV, 2012 WL 171097, at *2 (S.D. Fla. Jan. 20, 2012) (quoting *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 837 (11th Cir. 2010)). "[Section] 1692a(5) defines 'debt' as 'any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.'" *Id.* (alteration added) (quoting 15 U.S.C. § 1692a(5)).

In arguing there is no need for proof the debt was consumer in nature, Flores insists the debt is nonexistent or not his. (Resp. 7; *see also* Compl. ¶ 33; Flores Aff. ¶¶ 1–5). Flores states he "is not in receipt of anything, nor is there anything on the record made, that would show or prove that ICS was referred, or assigned, or transferred any account of Juan Flores . . . from Capital One Bank NA or HSBC . . . where there is any balance due and owing that could be collected by ICS." (Aff. ¶¶ 2–3, 5 (alterations added)). Again, Flores fails to provide supporting evidence, and he lacks personal knowledge to refute the information contained in ICS's records. ICS has sufficiently rebutted Plaintiff's contention with records described as showing a debt was transferred from HSBC to ICS and that the debt belongs to Plaintiff based on the identifying

Case No. 13-21352-CIV-ALTONAGA/O'Sullivan

information provided with the account. Accordingly, Flores does not satisfy the first element of the FDCPA.

Even if Flores had provided sufficient proof of consumer debt to satisfy the first element, he has failed to establish the third element[6] — that ICS engaged in an act or omission prohibited by the FDCPA. Flores has not shown ICS used false, deceptive, or misleading means to collect on a debt or that ICS's attempted collection was not permitted by law. Without more, Flores's conclusory Affidavit is insufficient to prevent the entry of summary judgment. *See Celotex Corp.*, 477 U.S. at 323–24 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims." (footnote call number omitted)); *Longmore v. United Recovery Sys.*, No. 12-60343-CIV-Williams, at *3–5 (S.D. Fla. Mar. 5, 2013) [ECF No. 39] (granting summary judgment in favor of defendant debt collector on plaintiff's FDCPA and FCCPA claims for failure to establish any facts supporting statutory violations). Consequently, Flores cannot establish the elements of an FDCPA violation.

C. **FCCPA Violation (Count III)**

Flores asserts a violation of the FCCPA in Count III on the basis that ICS attempted or threatened to enforce a debt while knowing the debt was not legitimate, or ICS asserted the existence of another legal right knowing it did not exist. (*See* Compl. ¶¶ 40–43; Resp. 8–10). The FCCPA provides that no person in collecting on consumer debt shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." FLA.

---

[6] ICS admits it is in the business of collecting debts (*see* Labs. Decl. ¶ 4), the second element for an FDCPA claim.

Case No. 13-21352-CIV-ALTONAGA/O'Sullivan

STAT. § 559.72(9) (alteration added).

Flores fails to present any triable issue of fact showing ICS had the requisite mental state. "The FCCPA requires . . . knowledge or intent by the debt collector in order to state a cause of action." *Locke v. Wells Fargo Home Mortg.*, No. 10-60286-Civ, 2010 WL 4941456, at * 3 (S.D. Fla. Nov. 30, 2010) (citation and internal quotation marks omitted). A debt collector's demand for payment on a legitimate debt does not violate section 559.72(9). *See id.* (citation omitted). Flores lacks proof that ICS had any knowledge the debt was illegitimate. Further, Flores's FCCPA claim arises out of the same set of facts as his FCRA and FDCPA claims. Because Flores has not presented any disputed facts showing ICS acted with impermissible purpose to collect on a debt or its belief it was collecting on Plaintiff's debt was unreasonable, Flores's claim against ICS for a violation of the FCCPA similarly fails.[7]

## IV. CONCLUSION

Flores has not provided evidence to demonstrate ICS's violations of the FCRA, FDCPA, or FCCPA, nor has he presented any genuinely disputed material facts precluding summary judgment. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment . . . **[ECF No. 33]** is **GRANTED**. Final Judgment for Defendant, ICS will be entered by separate order. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED** as moot.

---

[7] The Court does not address ICS's argument it is entitled to summary judgment on Flores's FCCPA claims on the basis the FCRA preempts Plaintiff's state law claims. (*See* Mot. 16–17).

Case No. 13-21352-CIV-ALTONAGA/O'Sullivan

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of April, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record;
Juan Flores, *pro se*